of defendant's default the entire balance of rent reserved became due and payable under a clause in the lease, and demanded judgment for the amount thereof. The trial court held that the clause in question was unconscionable and in the nature of a penalty and, therefore, unenforcible.

*Melville H. Cane* and *William B. Symmes, Jr.*, for appellant.

*Joseph Force Crater* and *Louis B. Brodsky* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

GEORGE SEAVER, Appellant, *v.* DIRECTOR-GENERAL OF RAILROADS, Respondent.

*Negligence — master and servant — railroads — interstate commerce — employee of railroad engaged in excavation for purpose of replacement of turntable by new and larger one not engaged in interstate commerce.*

*Seaver v. Payne*, 198 App. Div. 423, affirmed.

(Argued October 20, 1922; decided November 21, 1922.)

APPEAL from a judgment entered November 25, 1921, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint in an action to recover for personal injuries alleged to have been sustained through the negligence of the defendant, his employer. The action was under the Federal Employers' Liability Act. At the time of the accident plaintiff was engaged in excavating around a turntable, which had been used in interstate commerce, for the purpose of enlarging the pit so that the old turntable might be replaced by a new and larger one. The Appellate Division held that plaintiff was not engaged in interstate commerce at the time of the accident.

*Charles Irving Oliver, George J. Moore, John M. Stark* and *Robert W. Upton* for appellant.

*John M. Cantwell* and *E. W. Lawrence* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND and McLAUGHLIN, JJ. Dissenting: CRANE and ANDREWS, JJ.

---

ROSE J. JAKED, an Infant, by GEORGE JAKED, Her Guardian ad Litem, Respondent, v. THE BOARD OF EDUCATION OF THE CITY OF ALBANY, Appellant.

*Negligence — municipal corporations — schools — board of education — liability for injury to child while swinging on iron gate at entrance to school.*

*Jaked v. Board of Education, City of Albany,* 198 App. Div. 113, affirmed.

(Argued October 20, 1922; decided November 21, 1922.)

APPEAL from a judgment entered July 19, 1921, upon an order of the Appellate Division of the Supreme Court in the third judicial department, which reversed an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and directing a dismissal of the complaint and reinstated said verdict. Plaintiff, a child seven years of age, was injured while swinging on an iron gate at the entrance of a school building in the city of Albany. The complaint alleged that the gates in question were permitted to be swung back and forth and attracted children thereon, and that defendant negligently and knowingly permitted the gates to remain without a device to lock them back when open, and negligently and knowingly permitted the children attending the school to swing on the gates, and negligently and knowingly permitted the entrance to be used by the school children while knowing said gates to be in the condition aforesaid. The Appellate Division held that the board of education was responsible for neglect to keep the gates in proper repair and that there was evidence sufficient to sustain the verdict.

*Gilbert V. Schenck,* Corporation Counsel (*Leopold Minkin* and *John J. McManus* of counsel), for appellant.

*Thomas H. Lee* and *Henry J. Crawford* for respondent.